UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARKO VUJINOVIC,

                                          Plaintiff,

    -against-

CITY OF NEW YORK, SEAN SHEEHAN, Individually,
BRADLEY ARCOS, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),

                                          Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

        Plaintiff MARKO VUJINOVIC, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

        2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.    Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

        4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MARKO VUJINOVIC is a thirty-eight-year-old male resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SEAN SHEEHAN, BRADLEY ARCOS, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On November 16, 2019, at approximately 5:00 p.m., inside of 15 North Oxford Street, Brooklyn, New York, plaintiff MARKO VUJINOVIC was falsely arrested by defendant NYPD officers including, but not limited to, defendant SEAN SHEEHAN and BRADLEY ARCOS.

13.     Plaintiff was at his place of employment, DUMBO Moving Company, where he held the position of manager, when three individuals from a different moving company came to the location.

14.     The three individuals began arguing with employees of plaintiff's company.

15.     Plaintiff attempted to mediate but was punched in the face.

16.     At no time did plaintiff engage in any fighting behavior, assault, injure, or otherwise engage in any illegal behavior.

17.     Plaintiff called 911 two times requesting law enforcement assistance.

18.     One of the three individuals ran from the location, but two remained on scene when the police eventually arrived.

19.     Plaintiff met the defendant officers outside and told them that he had placed the 911 calls and explained that three individuals had come to his place of employment, assaulted him and his employees, and damaged property.

20.     Plaintiff was visibly bleeding.

21.     Shortly thereafter, one of two individuals still at the scene claimed to the defendant officers that plaintiff had assaulted him.

22.     In response, plaintiff and his employees all told the police that plaintiff was the manager, that he had tried to stop the fight, that he had called the police for help, and plaintiff

showed the police his injuries.

23. Defendants were aware that there were video cameras which captured the events, but at the time they arrested plaintiff, no one present had access to the cameras.

24. Despite that there was ample reason to disbelieve the individual claiming plaintiff was the aggressor, and without making adequate efforts to view the cameras, or conducting any further investigation, the defendant officers arrested plaintiff.

25. Plaintiff was handcuffed and imprisoned.

26. Defendant JOHN DOE 1, who holds a supervisory rank believed to be sergeant, responded to the scene, spoke to SHEEHAN and ARCOS, and failed to ensure that a proper investigation was conducted before approving of plaintiff's arrest, despite that probable cause was lacking.

27. The defendants transferred plaintiff to the NYPD 88th Police Precinct stationhouse and imprisoned him there.

28. About an hour after plaintiff was first imprisoned at the 88th Police Precinct, an employee of DUMBO Moving Company came to the precinct with a portion of surveillance video which showed plaintiff being punched and which further corroborated that plaintiff was the victim, not the aggressor.

29. Despite possessing this additional exculpatory evidence, the defendant officers continued plaintiff's arrest and still made no effort to further investigate the false allegations made against plaintiff despite their ongoing duty to do so insofar as the defendants had ample reason to doubt the veracity of the individual alleging plaintiff had assaulted him.

30. Plaintiff was held for approximately nine hours before he was released with a desk appearance ticket, directing plaintiff to appear in Kings County Criminal Court on

December 11, 2019 to face charges of assault.

31. After plaintiff's arrest, plaintiff, through an attorney, spoke to Detective Hunt at the 88th Police Precinct to file a complaint report against the individual who punched plaintiff. Detective Hunt was informed of the above facts.

32. Detective Hunt thereafter conducted a proper investigation into the subject events, including reviewing and acquiring the surveillance footage of the entire incident.

33. Detective Hunt provided said video to the Kings County District Attorney's Office.

34. Thereafter, the Kings County District Attorney's Office reviewed the video and thereafter declined to prosecute plaintiff, concluding that the video confirmed that the three individuals from the other moving company were indeed the primary aggressors and that plaintiff had not assaulted anyone.

35. The defendant officers who falsely arrested plaintiff, continued his imprisonment, and issued plaintiff a desk appearance ticket prior to his release, did so without probable cause and in dereliction of their duties.

36. Defendants JOHN and JANE DOE 1 through 10 participated in and/or supervised and/or were present or otherwise aware of the incident and yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

37. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of failure to train, monitor, or discipline officers with respect to completing thorough investigations before executing an arrest, despite knowledge that the arrest is based on unreliable

information.

38. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, engage in a practice of wrongful arrests.

39. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

40. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

41. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

42. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiff MARKO VUJINOVIC, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. As a result of the foregoing, plaintiff MARKO VUJINOVIC sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendants)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants arrested plaintiff MARKO VUJINOVIC without probable cause, causing him to be detained against his will for an extended period of time and subjected to

physical restraints.

50. Defendants caused plaintiff MARKO VUJINOVIC to be falsely arrested and unlawfully imprisoned.

51. As a result of the foregoing, plaintiff MARKO VUJINOVIC is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants JOHN DOE 1 through 10 had an affirmative duty to intervene on behalf of plaintiff MARKO VUJINOVIC, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiff was falsely arrested.

56. As a result of the foregoing, plaintiff MARKO VUJINOVIC is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendant JOHN DOE 1, who held a supervisory rank, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of plaintiff via his participation in violating plaintiff's constitutional rights and in failing to properly supervise and train his subordinate employees.

59. As a result of the foregoing, plaintiff MARKO VUJINOVIC is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, failing to complete thorough investigations before executing an arrest, despite knowledge that the arrest is based on unreliable information.

63. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARKO VUJINOVIC's rights as described

herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARKO VUJINOVIC.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARKO VUJINOVIC as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARKO VUJINOVIC as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARKO VUJINOVIC was falsely arrested.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARKO VUJINOVIC's rights.

69. All of the foregoing acts by defendants deprived plaintiff MARKO VUJINOVIC of federally protected rights, including, but not limited to, the right:

    A. To be free from seizure and arrest not based upon probable cause;

    B. To be free from failure to intervene.

47. As a result of the foregoing, plaintiff MARKO VUJINOVIC is entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
       February 4, 2022

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for MARKO VUJINOVIC
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                            By:    _____*Brett Klein*_____
                                        BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARKO VUJINOVIC

                                        Plaintiff,

                                                                                                     Docket No.

      -against-

CITY OF NEW YORK, SEAN SHEEHAN, Individually, and
BRADLEY ARCOS, Individually, JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132